FARMERS NATIONAL BANK OF ROME, N. Y., EXECUTOR UNDER THE LAST WILL AND TESTAMENT OF NELSON ADAMS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8038.   Promulgated April 25, 1927.

The amount of damages for breach of contract awarded by judgment of a lower court is not deductible in determining net income when the judgment is appealed from until the decision of the appellate court. Until affirmed the liability is contingent.

*Neal Brewster, Esq.,* for the petitioner.
*D. D. Shepard, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the calendar year 1920, in the amount of $1,276.51, only the amount of $1,215.65 being in controversy.

The deficiency arises from the action of the Commissioner in denying a deduction claimed in the income-tax return of Nelson Adams in the amount of $9,515.31, which was one-half of a judgment with interest against the partnership of Adams & Jewell, which judgment was entered in the lower court in 1920, and was affirmed on appeal in 1921.

FINDINGS OF FACT.

Nelson Adams and Frank J. Jewell, at all times during the calendar years 1920 and 1921, were copartners carrying on business under the firm name and style of Adams & Jewell. The petitioner, Nelson Adams, died on May 14, 1925. At the time of his death he was residing in Rome, N. Y. Under date of June 16, 1925, letters testamentary were issued by the Surrogate's Court of Oneida County, N. Y., to the Farmers National Bank of Rome, New York, as executor under the last will and testament of the said Adams.

One Frank L. Page, as plaintiff, brought action in the Supreme Court of Oneida County, New York, against Nelson Adams, Frank J. Jewell, and the Betson Plastic Fire Brick Co., Inc., as defendants, on September 24, 1919. The plaintiff in that action claimed that the defendants had breached a contract theretofore entered into with the said plaintiff and damages were claimed by the plaintiff against the defendants in "the sum of $50,000 and such other damages as he may have sustained at the time of the trial of this action." It was claimed by the plaintiff that the defendants had violated a contract which was entered into between the plaintiff and the defendants on March 24, 1916. The case was brought on to trial on February 4 and 5, 1920, and was tried before the court without a jury. The trial resulted in a decision and judgment in the plaintiff's favor, declaring valid the contract and supplemental contract entered into

by and between the plaintiff and defendants, decreeing that the defendants specifically perform their contract and awarding damages to the plaintiff in the sum of $18,000 with costs, including an extra allowance of $600. The judgment for money damages in the sum of $18,000 and costs and an extra allowance of $600 was entered against Nelson Adams and Frank J. Jewell only and not against the corporation which was formed by them. Judgment was accordingly entered in favor of Page against Adams and Jewell in the sum of $18,718.65 on September 20, 1920, and the judgment was duly docketed by the county clerk of Oneida County.

Interest upon the judgment of $18,718.65 from the date of entry thereof to December 31, 1920, amounted to $312, making the total amount of the judgment and interest as of December 31, 1920, $19,-030.65. One-half of this amount Adams deducted in his income-tax return for 1920 as a liability on that date.

The Commissioner disallowed the deduction claimed in the return and increased the income as the result of such disallowance $9,515.32 to each of the partners.

The judgment, in addition to money damages against Adams and Jewell for violation of the contract, enjoined Adams and Jewell and the Betson Plastic Fire Brick Co., Inc., from selling their product in certain territory. The money damages against Adams and Jewell were for the amount determined by the court to be due on account of past sales, the court stating as follows: " That the profit of the plaintiff through his contract with, and by the purchase of their products from, the defendants, Nelson Adams and Frank J. Jewell, and the sale of those products by him for the year ending June 30, 1918, was the sum of $21,506.94, and for the year ending June 30, 1919, the sum of $39,401.42; that for the six months succeeding June 30, 1919, the profit of the plaintiff from his business was only the sum of $4,395.19; that the plaintiff has sustained damages by the breach of their contract by the defendants, Nelson Adams and Frank J. Jewell, in the sum of $18,000.00."

On October 14, 1920, the defendants appealed from the judgment to the Appellate Division of the Supreme Court, Fourth Department, of the State of New York, and on May 4, 1921, the Appellate Division affirmed the judgment. Notice of further appeal from the decision of the Appellate Division was served and other steps were being taken to perfect this appeal when, in November, 1921, the copartnership of Adams & Jewell paid to Frank L. Page the sum of $27,500 in full satisfaction of the judgment against Adams and Jewell and for cancellation of the contract outstanding between Page and Adams and Jewell, individually, and the Betson Plastic Fire Brick Co., Inc., and for a release of an injunction then outstanding.

In its original return for the calendar year 1920 which was filed on March 10, 1921, the partnership of Adams & Jewell did not claim as a deduction the amount of the judgment entered in the lower court in that year with interest, and the books of the partnership did not show that the said amount was set up by the partnership as a liability in 1920. The partnership filed an amended return on December 21, 1921, for the calendar year 1920, claiming the amount of said judgment as a deductible loss in 1920.

The partnership kept its books of account and filed its return for the years 1920 and 1921 upon the accrual basis.

### OPINION.

TRAMMELL: The question is whether the amount of the judgment with interest which was paid by the partnership of Adams & Jewell in 1921 is a deductible loss in that year or in 1920 when the judgment was entered in the lower court. The suit was instituted in 1919 for the alleged breach of contract. Judgment was entered in 1920 in the lower court and an appeal taken during the same year. In 1921 the judgment was affirmed on appeal. A further appeal was being perfected in 1921 when the amount in controversy was settled by compromise and payment.

The question thus is whether the amount of the liability should be accrued as of the date of the breach of the contract, as of the date judgment was entered adjudicating the fact of the breach and awarding damages, at the time when the judgment was affirmed on appeal, or at the time the further appeal was withdrawn and the compromise made.

At the time of the alleged breach in 1919 when suit was instituted, there was no known liability, liability for breach of contract being denied. When judgment was entered in the lower court, the liability still was not definitely determined. It was contingent upon the affirmance of the judgment on appeal. While it was affirmed in the Appellate Division of the Supreme Court, that was not the final determination and final affirmation. The Appellate Division of the Supreme Court was not the court of final resort. The liability still remained contingent and was so until it had been finally affirmed on appeal or until liability was acknowledged. A different situation would have resulted if further appeal had not been taken. When further appeal was taken the question of the liability depended upon the action of the appellate court and it was not known until the disposition of the appeal whether there would be a liability or not.

We held, in the *Appeal of Bump Confectionery Co.*, 4 B. T. A. 50, that "A liability to respond in damages for breach of contract occur-

ring in 1920, which the taxpayer does not admit to the injured party and does not accrue on its books, is not a proper deduction for the taxable year in which the breach occurred." There is the same fundamental principle involved here.

While it is true that the adjudication of the lower court was that there was a liability for the breach of contract, that adjudication was not final, was not considered by the partnership of which the petitioner was a member as being a final determination of the question, nor was it known that a liability would ever be finally determined and adjudicated against the partnership.

In the case of the *Malleable Iron Range Co.* v. *United States*, 62 Ct. Cls. 425, a similar question was presented. In that case it appears that in January, 1918, a judgment was entered against the taxpayer. In March, 1920, that judgment was, upon appeal, affirmed in principle as to liability but increased as to amount. The taxpayer in that case deducted in its return for 1918 the amount of the judgment and the interest thereon and in its return for 1919 deducted an additional amount to provide for a possible increase in the final judgment together with the interest which had accrued during 1919. In that case the court said:

It would seem plain from the foregoing that when there is a question of whether or not there is any liability, no amount can accrue until it is determined that a liability exists. When the amount in question is in litigation, it can not be determined until the litigation is ended. If any other rule were adopted, it would inevitably result in confusion and there would be no certainty at any given time as to when the liability should be allowed for. * * *

When the plaintiff appealed the case it denied in effect the liability, and certainly that liability did not accrue to it on the date of the judgment in the lower court. The plaintiff by its action in taking the appeal distinctly denied the liability.

The liability which is being claimed by the plaintiff in this case is not a fixed liability. * * * For the liability was contingent upon the action of the higher court, and until that action was taken there was no fixed liability which could be deducted under the internal revenue act of 1918.

An actual liability incurred during a taxable year may be deducted, but the deduction is not allowable so long as the liability remains contingent. The judgment entered in this case in 1920 was not final so long as an appeal was pending or in process of preparation. During that time it was not known that there ever would be any liability to respond in damages for the amount claimed, or any other amount. See *Appeal of H. Northwood & Co.*, 4 B. T. A. 697; *Appeal of Lane Construction Corporation*, 4 B. T. A. 1133.

For the foregoing reasons, it is our opinion that the petitioner is not entitled to the deduction claimed for 1920.

*Judgment will be entered on 15 days' notice, under Rule 50.*